IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDELL KELLAM a.k.a. | : | |
| LESTER COKE, | : | |
|    Plaintiff | : | |
| | : | No. 1:22-cv-01694 |
| v. | : | |
| | : | (Judge Rambo) |
| LORI HESS, *et al.*, | : | |
|    Defendants | : | |

## MEMORANDUM

Plaintiff Lydell Kellam[1] initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[2] alleging constitutional violations by two prison officials at SCI Waymart. Because Kellam does not state a plausible claim for relief against either defendant, the Court must dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

**I.     BACKGROUND**

Kellam's handwritten complaint is short, undeveloped, and extremely difficult to follow. The Court will recite Kellam's scant allegations in their entirety:

> I been humilated [sic], and lied too [sic], I'm seeking $2,500,000.00 from them both. And Cummings has a chance to correct it but has not. So I filed a 1983. And this is a change of juridiction [sic]; 28 U.S.C. §

---

[1] Although Plaintiff captioned his case with the name "Lester Coke," it appears that his actual name is Lydell Kellam. *See* Doc. 1 at 5; Docs. 9, 10 (SCI Waymart rejecting mail addressed to "Lester Coke" but containing the inmate identification number for Lydell Kellam).

[2] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

> 1367. Allows inmate to seek a remedy – for constitutional & statutory violations committed by state or local goverment [sic] officials. This change of [sic], give me a chanse [sic] to seek a remedy. Hess[] said I have 13 ½ more years, for rape; Valerie is my son mom [sic]. Rick Docerty had another wife name [sic] "Val"; I explained to her why I'm in jail, by Democrates [sic] I been shot by them twice; and robbed of my jewelry, chain $330,000.00; bracelets $200,000.00 a piece [sic], 4 of them, keys too; and I have motion [sic] for a trial. 28 U.S.C. § 139(b) [sic]; and I caught hepititus [sic]; 42 U.S.C. § 1997(e) [sic]; 18 U.S.C. § 3626. Amendment XIV; VI; I; V; constitution [sic] violations.

(Doc. No. 1 at 1 (all spelling and grammatical errors in original).)

Kellam initially filed suit in the United States District Court for the Eastern District of Pennsylvania, which promptly transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). (*See* Doc. No. 3 at 1 & n.1.) The case was subsequently dismissed without prejudice for failure to pay the filing fee or to submit an application for leave to proceed *in forma pauperis*. (*See* Doc. No. 7.) Kellam later submitted the full $402 filing fee but mailed it to the Eastern District. (*See* Doc. No. 8.) The Eastern District recently transferred that filing fee to this Court. Accordingly, the Court will vacate its previous administrative closing order and review Kellam's complaint as required under 28 U.S.C. § 1915A(a).

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening

2

stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Kellam proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Kellam, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III. DISCUSSION

Kellam's complaint is difficult, if not impossible, to understand. As best the Court can ascertain, he is suing two defendants—Lori Hess and "Cummings"—who both appear to be officials at SCI Waymart. (*See* Doc. No. 1 at 1, 3.) The basis for his Section 1983 lawsuit, however, is anyone's guess. Kellam does not allege what Hess or Cummings did to him, when they did it, or how they violated his constitutional rights. He cites the First, Fifth, Sixth, and Fourteenth Amendments, but provides no factual allegations concerning how those constitutional provisions are implicated in his lawsuit. The Court will briefly explain why Kellam's complaint fails to state a claim upon which relief may be granted.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made

with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Kellam's pleading provides little personal involvement by Hess and no personal involvement by Cummings. As to Hess, Kellam simply asserts that Hess told him that he has "13 ½ more years, for rape." (Doc. No. 1 at 1.) What this assertion means is unknown. Although Kellam appears to allege that he has been "shot," had hundreds of thousands of dollars of jewelry stolen from him, and contracted hepatitis, he does not explain when or how these things happened or why they could possibly be the fault of Hess or Cummings. Simply put, Kellam has not pled personal involvement in an alleged constitutional violation by either named defendant.

### B. Indecipherable Constitutional Claims

District courts must liberally construe *pro se* litigants' pleadings. However, no amount of construction or presumption can create a cognizable Section 1983 claim from Kellam's disjointed and scattershot allegations. None of the constitutional amendments he cites appear to be related to his claims. The Court can only guess at what Kellam may be alleging (perhaps a conditions-of-confinement claim under the Eighth Amendment related to contracting hepatitis while incarcerated), but such pure speculation would not benefit Kellam or the Court, nor could Defendants properly respond to Kellam's unclear allegations. Instead, the Court will grant Kellam leave to amend so that he can clarify the basis for his Section 1983 lawsuit.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. As explained above, Kellam will be granted leave to amend so that he can attempt to cure the numerous deficiencies with his complaint. Most importantly, Kellam must plead facts that plausibly allege how the named defendants violated his constitutional or statutory rights.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Kellam's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 20, 2023